
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL of the STATE OF MONTANA, KEN PARK, KALISPELL POLICE DEPARTMENT, TED LYMPUS, NICK AEMISEGGER and SGT. RICHTER,<br><br>Defendants. | CV-14-000185-M-DLC-JCL<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pending are what have been construed as Plaintiff Kermit Poulson's Amended Complaints and Supplements thereto. (Docs. 10, 11, 12, 13.) By Order dated January 12, 2015, this Court found that Poulson's initial Complaint and the supplements thereto failed to state a claim upon which relief could be granted but allowed Poulson an opportunity to file an amended complaint. (Doc. 9.)

With liberal construction the Court finds that Poulson's allegations regarding his conditions of confinement at the Missoula Assessment and Sanctions Center ("MASC") warrant a response from Sgt. Richter. Sgt. Richter will be served with Poulson's filings and be required to respond. Poulson, however, has failed to state a claim against any other named Defendant. Consequently, all other

1

claims against all other Defendants will be recommended for dismissal.

## I. STATEMENT OF THE CASE

### A. Parties

Plaintiff Kermit Poulson, appearing pro se, is a prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

In his original complaint Poulson named Ken Park, a Deputy County Attorney in Flathead County, Montana; the Kalispell Police Department and officers that arrested him in DC-11-14(a); Ted O. Lympus, Judge for the Eleventh District Court; Nick Aemissegger, Poulson's public defender; Sgt. Richter, a sergeant/staff at MASC; and the Attorney General/DOJ Montana. (Doc. 2.) In his December 18, 2014 Supplement, Poulson sought to add KRMC (presumably Kalispell Regional Medical Center) and Pathways Executive Director as Defendants. (Doc. 8.)

In his most recent filing, Poulson names the Kalispell Police Department (KPD), Sgt. Richter (MASC), KRMC Administrator, Pathways Treatment Center Administrative Assistant, and Sgt. Larry Posha at Montana State Prison. (Amended Complaint, Doc. 12.)

### B. Allegations

Poulson has submitted 43 single-spaced handwritten pages which have been

considered together as an Amended Complaint. (Docs. 10 - 13.) Poulson's allegations, however, are still so vague, conclusory, and confusing that it is difficult to discern what specific claims he is trying to assert. Liberally construing these filings, the Court will consider the following claims: (1) conditions of confinement/denial of medical care while at MASC; (2) ADA claims; (3) a retaliation claim against Sgt. Richter; (4) a due process claim against Sgt. Richter; and (5) a number of claims regarding Poulson's arrest in Kalispell against the Kalispell Police Department, KRMC, and Pathways. (Docs. 10-13.)

## II. PRESCREENING

### A. Standard

As Poulson is a prisoner proceeding in forma pauperis, Poulson's Complaint must be reviewed under 28 U.S.C. § 1915. Section 1915(e)(2)(B) allows for the dismissal of a pro se prisoner complaint before it is served upon the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

### B. Analysis

As with his original filings, Poulson's amended filings violate Rule 8 of the Federal Rules of Civil Procedure and fail to bring specific claims and factual allegations against specific Defendants. Nevertheless, the Court once again

construes his amended pleadings liberally.

### 1. Claims against Kalispell Defendants (KPD, KRMC, Pathways)

As was stated in the prior Order, Poulson's claims regarding his arrest and conviction for possession of marijuana, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Based upon Poulson's multiple filings and the fact that he is currently incarcerated at Montana State Prison, it appears Poulson was convicted based upon the arrest he challenges in this case and that his conviction has not been invalidated. Poulson's claims regarding his arrest and subsequent conviction should be dismissed.

In addition, for the reasons set forth in the Court's prior Order the Defendants named in Poulson's original Complaint are not proper Defendants.[1] Judge Lympus is entitled to judicial immunity. *Simmons v. Sacramento County*

---

[1] Poulson seems to concede that these are not proper Defendants (Doc. 10-3 at 15) but out of an abundance of caution, the Court will restate its reasoning for the dismissal of Judge Lympus, Ken Park, Attorney General Tim Fox, and Nick Aemisegger.

4

*Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Ken Park and Tim Fox are entitled to prosecutorial immunity. *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). Finally, Nick Aemisegger, Poulson's public defender is not a proper defendant under a § 1983 claim. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). These Defendants should be dismissed.

Poulson continues to complain that after he was arrested and posted bail, he was only returned 28 grams of the 90 grams of marijuana originally in his possession. As stated in the Court's prior Order, Poulson lacks a federal Constitutional right to possess marijuana even for medical purposes. Thus, he has no due process right under the Fourteenth Amendment in connection with the seizure of his marijuana. *See Raich v. Gonzales*, 500 F.3d 850, 866 (9th Cir. 2007). These allegations fail to state a federal claim upon which relief may be granted and will be recommended for dismissal.

To the extent there are any remaining claims against the Kalispell Defendants, they violate the rules of joinder as discussed in the Court's prior

Order. Rule 20(a)(2) of the Federal Rules of Civil Procedure imposes two specific requirements for the permissive joinder of parties: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences; and (2) some question of law or fact common to all parties must arise in the action. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914 (9th Cir. 1977). Rule 18 of the Federal Rules of Civil Procedure governs joinder of claims and provides that: "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."

Issues regarding Poulson's arrest and incarceration in Kalispell are unrelated to his treatment in Missoula. These allegations do not arise out of the same transactions or occurrences. As the majority of Poulson's latest filings appear to involve the actions of Sgt. Richter at MASC in Missoula, the Court will recommend the dismissal of the Kalispell Police Department, Pathways, and the Kalispell Regional Medical Center.

### 2. Claims against Montana State Prison Defendants

In Poulson's most recent filings (Docs. 12, 13), he seems to raise claims against Defendants at Montana State Prison. Specifically, he names Sgt. Posha as a defendant. (Doc. 12.) And in his latest filing (Doc. 13), he seems to assert

claims against Dr. Kohut, Bruce, and Lance Griffin at the Montana State Prison. Again, these allegations do not arise out of the same transactions or occurrences and are completely unrelated to his treatment in Missoula. More importantly, Poulson has filed a separate case against these Montana State Prison Defendants. *See Poulson v. Kirkegard*, 14-cv-00043-H-DLC-JTJ. Poulson's claims against Montana State Prison and its employees will not be heard in this case.

### 3. Claims against Sgt. Richter

The main focus of Poulson's latest filings appears to revolve around his alleged treatment at Missoula Sanction and Assessment Center at the hand of the only named Defendant, Sgt. Richter. It appears that Poulson makes the following claims against Sgt. Richter: (1) the catheters provided him contain substances which cause cancer, (2) the soap provided him contained substances which cause cancer; (3) he was denied two mattresses, anti-embolism stockings, clean catheters, a wheelchair, and antibiotics; (4) the catheters provided him caused urethral bleeding; (4) he was not provided medical treatment after he fell and hit his head; (5) he received ineffective medical care resulting in Poulson having MRSA and cellulitis; (6) he was denied due process when Richter refused to give him a hearing for his write-up; (7) Sgt. Richter was deliberately indifferent to Poulson's safety when he "threw" him in a non-ADA compliant vehicle which

7

resulted in Poulson lying on the floor for 80 miles; (8) he was placed in a non-ADA compliant cell for three weeks with no cleaning supplies and no catheters; (9) he was forced to take Lithium against his will; (10) he was not provided with Neurontin; (11) he was retaliated against for refusing his medications; and (12) he was denied a hearing before Richter subjected him to corporal punishment.

The Court has considered whether Poulson's allegations against Sgt. Richter are frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). Although there is no vicarious liability in Section 1983 cases, Poulson alleges that Sgt. Richter was either directly responsible for these alleged wrongdoings and/or was aware of and failed to remedy the alleged wrongdoings. Liberally construed Poulson has stated enough to require Sgt. Richter to respond to Poulson's claims.

### 4. Americans with Disabilities Act

Poulson was specifically advised in the Court's prior Order that the proper defendant in an ADA claim is the public entity responsible for the alleged discrimination, not an individual officer. Because he fails to name a proper Defendant for either of his ADA claims, those claims should be dismissed.

## III. MOTION FOR RECUSAL

Poulson also asks that I recuse myself from this matter. (Doc. 10 at 7.) The

substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: "[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56 (1994). "The judge against whom the motion for recusal is filed may determine the legal sufficiency of the affidavit." *O'Connor v. U.S.*, 935 F.2d 275 (9th Cir. 1991).

"[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id.* "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*

Poulson alleges that I "tried to 'white-ball' my case when he knew I was of diminished capacity. Originally in Oct. 2014 he closed the case when I asked for a jury, and I wrote to him and I had the case re-opened." (Doc. 10 at 7.)[2] He also

---

[2] It is unclear to what case Poulson is referring. This case was not previously closed but Poulson did file a habeas case in June 2014 which this Court recommended be dismissed as unexhausted. *See Poulson v. Kirkegard*, 14-cv-

seeks a $1,000,000.00 fine against the undersigned for pain and mental suffering. (Doc. 10 at 7.)

All actions I have taken in Poulson's cases constitute judicial rulings which cannot serve as the basis for recusal. In the present matter, I have initially screened Poulson's pleadings, as I am obligated to do, and have given him an opportunity to file an amended complaint. In a prior habeas case of Poulson's, I made a recommendation that the petition be dismissed as unexhausted. *Poulson v. Kirkegard*, 14-cv-186-M-DLC-JCL, Doc. 5. I neither have, nor have I ever displayed any antagonism or impartiality toward Poulson. The motion for recusal is properly denied.

## III. CONCLUSION

With liberal construction the Court finds that Poulson's claims arising from his confinement at MASC warrant a response from Sgt. Richter. All other claims and all other Defendants will be recommended for dismissal.

The Court has given Poulson an opportunity to amend his pleadings and he has failed to correct the deficiencies set forth in the Court's prior Order. Further

---

186-M-DLC-JCL, Doc. 5. That recommendation was adopted by Judge Christensen and the case was dismissed without prejudice on October 10, 2014. *Id* at Doc. 7. Poulson filed a new habeas case in February 2014 which is currently pending. *See Poulson v. Kirkegard*, 15-cv-15-M-DLC-JCL.

10

amendment, therefore, appears futile.

Based on the foregoing, the Court issues the following:

## ORDER

1. Poulson's Motion for Recusal as contained in his Amended Complaint (Doc. 10 at 7) is **DENIED**.

2. Pursuant to Fed.R.Civ.P. 4(d), the Court requests Sgt. Richter to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant chooses to return the Waiver of Service of Summons, the answer or an appropriate motion will be due within 60 days after the entry date reflected on the Notice of Electronic Filing for this Order, pursuant to Fed.R.Civ.P. 12(a)(1)(A)(ii).

3. The Clerk of Court shall forward a copy of Poulson's filings (Docs. 2, 4, 7, 8, 10, 11, 12, 13), the Court's January 12, 2015 Order (Doc. 9), this Order, a Notice of Lawsuit and Request to Waive Service of Summons, and a Waiver of Service of Summons to:

| | |
|---|---|
| Missoula County Attorney | Sgt. Richter |
| 200 West Broadway | 2340 Mullan Road |
| Missoula, MT 59802 | Missoula, MT 59808 |

Counsel for Defendant must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

6. Poulson <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

7. At all times during the pendency of this action, Poulson shall

immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court makes the following:

## RECOMMENDATIONS

Defendants Ken Park, Kalispell Police Department, Judge Lympus, Nick Aemisegger, the Montana Attorney General Tim Fox, Pathways, Kalispell Regional Medical Center, and Sgt. Larry Posha and all claims against these Defendants should be **DISMISSED**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Poulson may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

13

until entry of the District Court's final judgment.

DATED this 24th day of April, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:

Missoula County Attorney
200 West Broadway
Missoula, MT 59802

Sgt. Richter
2340 Mullan Road
Missoula, MT 59808

A lawsuit has been commenced by a pro se plaintiff against Sgt. Richter. A copy of Poulson's filings in the United States District Court for the District of Montana, Civil Action No. CV-14-185-M-DLC-JCL are attached to this notice. The Court has completed its pre-screening and concludes this Defendant must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and timely file the waiver, no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on you and may impose the full costs of such service.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO: The U.S. District Court for the District of Montana

      The following Defendant acknowledges receipt of your request that he waive service of summons in the following action: <u>Poulson v. Sgt. Richter, et. al.</u>, Civil Action No. CV-14-185-M-DLC-JCL filed in the United States District Court for the District of Montana. Defendant also received a copy of Poulson's filings. Defendant agrees to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;


      The above-named defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. We understand judgments may be entered against the above-named defendant if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


_____       _____
DATE                                            SIGNATURE

                                            _____
                                            PRINTED/TYPED NAME

                                            _____
                                            ADDRESS