IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



FILED
AUG 12 2015
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| KERMIT POULSON,<br><br>Plaintiff,<br><br>vs.<br><br>ATTORNEY GENERAL of the STATE OF MONTANA, KEN PARK, KALISPELL POLICE DEPARTMENT, TED LYMPUS, NICK AEMISEGGER and SGT. RICHTER,<br><br>Defendants. | CV-14-000185-M-DLC-JCL<br><br><br>ORDER |

Pending is Plaintiff Kermit Poulson's Motion to Remove Qualified Immunity. (Doc. 23.) He requests that qualified immunity be withdrawn and withheld from Sgt. Richter because the only way for qualified immunity to be sustained would be for Sgt. Richter to have not violated Mr. Poulson's constitutional or statutory rights. (Doc. 23.)

Defendant Richter opposes the motion construing it as a motion to strike. (Doc. 25.) Defendant Richter maintains that he did not violate Poulson's constitutional rights. He argues that the Court should consider the issue of qualified immunity through a summary judgment motion after discovery has been conducted to develop the factual issues in this case. (Doc. 25 at 6.)

1

Rule 12 of the Federal Rules of Civil Procedure allows a court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "A defense is insufficient if it fails to give the plaintiff fair notice of the nature of the defense. Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded. Matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." *McArdle v. AT & T Mobility' LLC*, 657 F.Supp.2d 1140, 1149–50 (N.D.Cal. 2009), rev'd on other grounds, 474 F. App'x 515 (9th Cir. 2012)

"Although the Ninth Circuit has not ruled on the proper use of a Rule 12(f) motion to strike an affirmative defense, three other circuits have ruled that the motion is disfavored and should only be granted if the asserted defense is clearly insufficient as a matter of law under any set of facts the defendant might allege." *McArdle*, 657 F.Supp.2d at 1149–50. The purpose of a motion to strike under Rule 12(f) "is to avoid the expenditure of time and money that must arise from litigating spurious issues." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "A court must view the pleading under attack in the light most favorable to the pleader." *Cardinale v. La Petite Acad., Inc.*, 207 F.Supp.2d 1158, 1162 (D.Nev. 2002).

Poulson has not met his burden of demonstrating that qualified immunity is

an insufficient defense, or that it is redundant, immaterial, impertinent or scandalous. Qualified immunity is common defense in actions brought under 42 U.S.C. § 1983 and Sgt. Richter is fully entitled to raise the defense. The Court will not decide the merits of Richter's qualified immunity defense this early in the proceedings.

Accordingly, IT IS HEREBY ORDERED that the Motion to Remove Qualified Immunity (Doc. 23) is DENIED.

DATED this 12th day of August, 2015.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge