FILED
MAR 1 6 2016
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT POULSON, | CV-14-000185-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| SGT. RICHTER, | |
| Defendants. | |

Pending before the Court are Plaintiff Kermit Poulson's Motion to Request a 90-day extension of time and to appoint counsel (Doc. 44), Motion to Object to discovery (Doc. 45), and Motion to Add Defendants (Doc. 46). The motions will be denied.

The Court first notes that Poulson's motions do not comply with Local Rule 7.1 in that the text of the motions do not state whether the other parties have been contacted or whether any party objects to the motions. L.R. 7.1(c)(1). As such, the motions are subject to summary denial.

## I. Motion for Extension and Appointment of Counsel

Poulson first requests a 90-day extension of time but does not give a basis for this request. The Court recently extended the scheduling order in this case giving both parties additional time to complete discovery and file motions. This

1

matter has been pending for nearly two years and the Court will not grant yet another extension without a reason for doing so.

Poulson also asks for the appointment of counsel. Poulson filed a similar motion on February 19, 2016 (Doc. 39) which the Court denied on February 26, 2016 (Doc. 42). Poulson has stated no additional basis justifying the appointment of counsel. A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). Poulson has not made a sufficient showing of exceptional circumstances. He has not demonstrated a likelihood of success on the merits or his inability to articulate his claims pro se. This motion will be denied.

**II. Motion to Object to Discovery**

Poulson's discovery motion objects to questions in Defendant's first set of interrogatories. (Doc. 45.) The motion is construed as a motion for a protective

order but because Poulson failed to comply with Local Rules 7.1(c)(1) and 26.3(c) the motion will be denied.¹ As set forth above, Local Rule 7.1(c)(1) requires that "[t]he text of the motion must state that other parties have been contacted and state whether any party objects to the motion." Local Rule 26.3(c)(1) provides,

> The court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voicemail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence.

There is no required certification in Poulson's motion.

More importantly, Poulson failed to comply with Local Rule 26.3(c)(2) which provides:

> (2) All motions to compel or limit discovery must:
> (A) set forth the basis for the motion;
> (B) certify that the parties complied with subsection (c)(1) or a description of the moving party's attempts to comply; and
> (C) and attach, as an exhibit:
> (i) the full text of the discovery sought; and
> (ii) the full text of the response.

Poulson did not provide a copy of Defendant's discovery request and he did not

---

¹Poulson was provided a copy of these rules with the Court's June 23, 2015 Scheduling Order. (Doc. 21.)

3

set forth the basis of his motion except to say that one question is "leading and assumes that Poulson thinks Sgt. Richter is not a medical professional." (Doc. 45 at 1.) This is not a sufficient basis upon which to refuse to respond to discovery. Poulson's motion will be denied and he will be required to provide full and complete responses to Defendant's discovery requests on or before the discovery deadline of April 11, 2016.

## III. Motion to Add Defendants

Poulson's motion to add defendants is untimely. He seeks to amend his pleadings but the deadline for filing amendments to pleadings was July 24, 2015. (Scheduling Order, Doc. 21.) In seeking to amend his complaint, Poulson must meet not just the liberal standard for amended pleadings in Rule 15(a) of the Federal Rules of Civil Procedure, but the stricter "good cause" standard under Rule 16(b)(4) of the Federal Rules of Civil Procedure. *See AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 952 (9th Cir. 2006). Additionally, the Scheduling Order entered June 23, 2015, provides that a continuance of the "deadlines will not be granted, absent compelling reasons[]" which Poulson has not presented. (Doc. 21 at 2.) Poulson has not established good cause for failing to move to amend his pleadings within the Court's deadline.

Discovery is set to close on April 11, 2016 and motions are due on May 25,

4

2016. The Court will not further delay this case to bring in additional parties. The only issues remaining in this case are Poulson's claims arising from his confinement at MASC against Sgt. Richter. This matter has been pending since June 16, 2014. Poulson had over a year to amend his complaint, he failed to timely do so. No additional claims or parties will be considered in this matter.

Accordingly, the Court issues the following:

**ORDER**

1. Poulson's Motion to Request a 90-day extension of time and to appoint counsel (Doc. 44) is denied.

2. Poulson's Motion to Object to discovery (Doc. 45) as construed as a motion for protective order is denied. Poulson must provide full and complete responses to Defendant's discovery requests prior to the April 11, 2016 discovery deadline.

3. Poulson's Motion to Add Defendants (Doc. 46) is denied.

DATED this 16th day of March, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge