IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT POULSON,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SGT. RICHTER,<br><br>　　　　　Defendants. | CV 14-185-M-DLC-JCL<br><br>ORDER |

　　　　Plaintiff Kermit Poulson, appearing pro se, moves for the disqualification of the undersigned United States Magistrate Judge alleging the Judge has a personal bias or prejudice either against him or in favor of Defendant Sgt. Richter and his counsel. Poulson presents his motion under authority of 28 U.S.C. § 144, and bases it solely on my Order entered February 26, 2016, denying Poulson's motion requesting appointment of counsel to represent him in this matter.

　　　　In support of his motion for appointment of counsel Poulson asserted he is autistic, lacks sufficient education, and lacks necessary knowledge of the law to be able to proceed in this case given the alleged complexities of the applicable law and procedures. Also, due to his incarceration, Poulson argued he will not be able to conduct adequate discovery in this case.

1

But the Court's February 26, 2016 Order found to the contrary. Based on the record in this case and Poulson's filings, I found that Poulson has exhibited sufficient ability to adequately articulate his claims, and to advocate on his own behalf given that the legal issues in this case are not complex.

Poulson's present motion simply disagrees with the February 26, 2016 Order and, therefore, asserts I am biased or prejudiced either against him or in favor of Defendant. Poulson now adds further that he is bi-polar, paralyzed, and has only a high school education. He states he does not receive enough envelopes, paper, and pens to work on his case, and he is limited in the volume of mail he can send out from the prison. Thus, Poulson's motion seeks only to bolster his request for appointment of counsel, and then argues my Order denying his motion for counsel reflects a bias or prejudice against him given the totality of Poulson's circumstances which, in his opinion, warrants appointment of counsel.

Section 144 of Title 28 of the United States Code provides, in relevant part, as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding. [... The party's affidavit] shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

The certificate of good faith required under section 144 must be provided by a member of the bar, or the movant's counsel of record. *See Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). Consequently, a pro se litigant who has not provided a certificate of good faith from a member of the bar may not employ the disqualification procedures set forth in 28 U.S.C. § 144. *Id*. *See also Jimena v. UBS AG Bank*, 2010 WL 2650714, *3 (E.D. Cal. 2010) and *United States v. Briggs*, 2007 WL 1364682, *1 (D. Idaho 2007).

Poulson's motion and affidavit for relief under section 144 are not accompanied by a certificate of counsel as required. Thus, Poulson cannot pursue his motion under section 144.

Nonetheless, liberally construing Poulson's motion, the Court will instead consider its merits under the provisions of 28 U.S.C. § 455. *See In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) (concluding that a motion for disqualification under section 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned").

"Section 455 imposes an affirmative duty upon judges to recuse themselves." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1983). The statute provides, in relevant part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party[.]

28 U.S.C. § 455(a) and (b).

Section 455(a) requires disqualification for the appearance of partiality. What matters under section 455(a) "is not the reality of bias or prejudice but its appearance[,]" and the test for disqualification is an objective one. *Liteky v. United States*, 510 U.S. 540, 548 (1994). Disqualification is warranted if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1219 (9th Cir. 2014) (quotation and citation omitted). The "reasonable person" is not "hypersensitive or unduly suspicious," and "is not a 'partly informed man-in-the-street[.]'" *Blixseth*, 742 F.3d at 1219, and *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008). Rather, the reasonable person is a "well-informed, thoughtful observer[,]" and is "someone who 'understand[s] all the relevant facts' and has examined the record and the law." *Holland*, 519 F.3d at 913-14 (citation omitted).

The analysis under section 455(a) is also subject to the "extrajudicial source" doctrine. *Liteky*, 510 U.S. at 554. The doctrine requires that the basis for disqualification generally must be "something other than rulings, opinions formed[,] or statements made by the judge during the course of trial." *Holland*,

4

519 F.3d at 913-14.

Here, Poulson's motion is based solely on my February 26, 2016 Order denying his request for appointment of counsel, and on Poulson's disagreement with that Order. But as noted, a ruling issued based on proceedings in a case does not qualify as an extrajudicial source creating an appearance of impartiality.

Section 455(b)(1), in contrast, requires disqualification if a judge has a personal bias or prejudice for or against a party. *See Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1987). Section 455(b)(1) "simply provides a specific example of a situation in which a judge's 'impartiality might reasonably be questioned' pursuant to section 455(a)." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) (citing *United States v. Olander*, 584 F.2d 876, 882 (9th Cir. 1978)).

My February 26, 2016 Order denying appointment of counsel to Poulson is based on all of the documents of record in this case, and the substance and merits of Poulson's motion. I concluded Poulson was not eligible for appointment of counsel under applicable standards. Specifically, an order appointing counsel as permitted under 28 U.S.C. § 1915(e)(1) can occur only under "exceptional circumstances[]" which require a showing that the plaintiff has a likelihood of success on the merits of his or her claims, together with a showing that the plaintiff is unable to articulate his or her claims pro se in light of the complexity of the case. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing *Wilborn v.*

*Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted)). My February 26, 2016 Order, therefore, reflects only that Poulson's circumstances in this case do not meet the eligibility requirements for appointment of counsel, and is not an indication of bias or prejudice against him. I have no bias or prejudice against Poulson.

Therefore, IT IS HEREBY ORDERED that Poulson's motion requesting recusal, disqualification or other relief under either 28 U.S.C. §§ 144 or 455 is DENIED.

Poulson is advised that if he desires to pursue further relief under 28 U.S.C. § 144, he must obtain and file a certificate from a licensed attorney stating that Poulson's affidavit under section 144 is made in good faith. If Poulson proceeds with an affidavit and a subsequent motion under section 144, the matter will be forwarded to the presiding District Judge for review as required under section 144.

DATED this 17th day of March, 2016.

_____
Jeremiah C. Lynch
United States Magistrate Judge