

FILED

MAR 22 2016

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT POULSON, | CV-14-000185-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER |
| SGT. RICHTER, | |
| Defendants. | |

Pending before the Court are Plaintiff Kermit Poulson's Motion to Subpoena Witnesses (Doc. 53) and Motion Objecting to an Oral Deposition without Court Appointed Counsel (Doc. 54). Both motions will be denied.

The Court again notes that Poulson's motions do not comply with Local Rule 7.1 in that the text of the motions do not state whether the other parties have been contacted or whether any party objects to the motions. L.R. 7.1(c)(1). As such, the motions are subject to summary denial.

I. Motion for Subpoenas

This is Poulson's second Motion to Subpoena Witnesses in less than a week. For the reasons set forth in the Court's Order of March 17, 2016 (Doc. 52)

1

the motion will be denied.

## II. Motion Objecting to Deposition

Poulson objects to Defendants taking his deposition because he has not been appointed counsel. As set forth in the Court's Order of March 17, 2016 (Doc. 52), the Court's Order of March 16, 2016 (Doc. 47) and the Court's Order of February 26, 2016 (Doc. 42), the Court has considered Poulson's requests for the appointment and has denied those requests. Poulson will not be appointed counsel in this matter.

As such, Poulson will be required to appear at his deposition on March 24, 2016. Poulson is advised that should he fail to attend and participate in his deposition he will be subject to sanctions as set forth in the Federal Rules of Civil Procedure. Specifically Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders including dismissal. Fed.R.Civ.P. 37(b)(2)(A)(v). The Court granted Defendant leave to take Poulson's deposition. (June 23, 2015 Scheduling Order, Doc. 21 at 3, ¶ 5.) Poulson must comply with that Order.

Secondly, Rule 37(d)(1) of the Federal Rules of Civil Procedure provides that the Court may, on motion, order sanctions if a party fails, after being served

with proper notice, to appear for their deposition. Fed. R. Civ. P 37(d)(1)(A)(I); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (stating that sanctions including dismissal, may issue for a complete or serious failure to respond to discovery, such as a failure to appear for a deposition, even absent a court order compelling discovery). "Sanctions may include any of the orders listed in Rule 37(b)(2) (A)(i)-(vi)." Fed. R. Civ. P. 37(d)(3). The listed sanctions include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v).

Finally, Rule 41(b) of the Federal Rules of Civil Procedure allows a Court to dismiss an action for failure to comply with a Court Order.

Should Poulson fail to participate fully in that deposition, the Court will consider sanctions including but not limited to a recommendation that this matter be dismissed with prejudice.

Accordingly, the Court issues the following:

## ORDER

1. Poulson's Motion to Subpoena Witnesses (Doc. 53) is denied.

2. Poulson's Motion Objecting to an Oral Deposition without Court Appointed Counsel (Doc. 54) is denied. Poulson is ordered to attend, cooperate with opposing counsel and fully participate in his deposition. Should he fail to do

so the Court will consider sanctions including dismissal of this action.

DATED this 22nd day of March, 2016.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge