IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| KERMIT POULSON, | CV-14-000185-M-DLC-JCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| SGT. RICHTER, | |
| Defendants. | |

Pending before the Court are Plaintiff Kermit Poulson's "Motion for Physical and Mental Examination before Oral Deposition March 24, 2016" (Doc. 59), "Motion for Temporary Restraining Order Pursuant to § F.R.C.P 2284(c), and Request for a Three Judge Court" (Doc. 60); "Motion Requesting Subpoena Served upon Witnesses Pursuant to Rule 45 to Appeal at Oral Deposition on 3/23/2016"(Doc. 61); and "Motion for an Extension of Time for Oral Deposition Because Plaintiff file a Judicial Complaint Pursuant 28 § 351 to the 9th Circuit Court of Appeals (Doc. 62).

Poulson's motion requesting a physical and mental examination before his deposition on March 24, 2016 (Doc. 59), motion for subpoenas (Doc. 61), and motion for extension (Doc. 62) are all moot because they seek relief from a deposition which was scheduled for March 24, 2016 and has apparently already

1

taken place.

Poulson's motion for temporary restraining order (Doc. 60) is liberally construed as a motion for protective order and as such will be denied. Poulson appears to ask the Court to relieve him from his obligation to respond to discovery requests until such time as he has had a physical and mental examination pursuant to Rule 35. Local Rule 26.3(c) sets forth a party's obligation when filing a discovery motion such as Poulson's. Specifically, this rule provides:

> **(c) Discovery Motions.**
> (1) The court will deny any discovery motion unless the parties have conferred concerning all disputed issues before the motion is filed. The mere sending of a written, electronic, or voicemail communication does not satisfy this requirement. Rather, this requirement can be satisfied only through direct dialogue and discussion in a face to face meeting (whether in person or by electronic means), in a telephone conversation, or in detailed, comprehensive correspondence.
> (2) All motions to compel or limit discovery must:
> > (A) set forth the basis for the motion;
> > (B) certify that the parties complied with subsection (c)(1) or a description of the moving party's attempts to comply; and
> > (C) attach, as an exhibit:
> > > (i) the full text of the discovery sought; and
> > > (ii) the full text of the response.

Poulson has failed to comply with this rule. In addition, he has violated Local Rule 7.1 in that the text of the motion does not state that Poulson has contacted opposing counsel or whether opposing counsel objects to the motion.

In the title of this motion, Poulson also makes a request for a three judge court. He presumably makes this request pursuant to 28 U.S.C. § 2284 but there is no argument or discussion of this request in the body of the motion. 28 U.S.C. § 2284 provides that, "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." Poulson's case does not raise any such issues. The motion will be denied.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Poulson's "Motion for Physical and Mental Examination before Oral Deposition March 24, 2016" (Doc. 59) is denied as moot.

2. Poulson's "Motion for Temporary Restraining Order Pursuant to § F.R.C.P 2284(c), and Request for a Three Judge Court" (Doc. 60) as construed as a motion for protective order is denied.

3. Poulson's "Motion Requesting Subpoena Served upon Witnesses Pursuant to Rule 45 to Appeal at Oral Deposition on 3/23/2016"(Doc. 61) is denied as moot.

4. Poulson's "Motion for an Extension of Time for Oral Deposition

Because Plaintiff file a Judicial Complaint Pursuant 28 § 351 to the 9th Circuit Court of Appeals (Doc. 62) is denied as moot.

DATED this 30th day of March, 2016.

*Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge